May it please the court. I'm not contagious but I'm recovering from a cold and so I'll do my best to keep my voice up. The issue in this case is whether or not the exclusion of evidence that the decedent was a member of a criminal street gang rendered Mr. Guzman's trial fundamentally unfair. In his previous trial he was tried for first degree murder and evidence of the membership of the victim came in and he was acquitted of first degree murder and the jury was unable to reach a verdict as to second degree murder. In the second trial the trial court excluded the that this was not a gang case. Was it a gang case? No. So what was wrong with that? Well the issue was not whether or not it was a gang case but Mr. Guzman's state of mind and our argument is that his knowledge that the decedent was a violent gang member added credence to his belief that his life was in danger. The issue was disputed. The family members of the decedent stated that he was not a particularly violent person, that he would back away from a fight but that they denied that he had stabbed someone, they denied various things. And so the only objective corroboration of the decedent's violent nature was in fact his gang membership. And if one adds, if the court is inclined to look at the uncertified issues, if one throws in the fact that the government offered evidence that he was for eight years a cook in the Marine Corps and took target training once a year that this somehow made him a trained killer and that in addition in the few seconds in which he had to make a decision some gun that was offered by a man who was not qualified as an expert was difficult in terms of its trigger pull. It seems to me that when you add it all up you get an unfair trial. Now I'm aware, very much aware that it's difficult, excuse me, yes? I would like to go back to the gang issue. You, by your argument you seem to be asking us to draw the very conclusion that the spivey case in my opinion precludes that the jury should have used the victim's gang membership to interpret the victim's conduct and your client's conduct. Are you asking us not to follow the spivey case? Well, there are problems with the spivey case. The first problem is that spivey relied entirely on state court decisions and that this is a federal question. And what's the distinction between the state law and the federal law that renders spivey inapplicable here? The federal issue is whether or not the trial was unfair. And spivey I think is distinguishable on its facts in the sense that the two defendants went hunting for their victims and it's distinguishable on its facts. And that I think in 1H v. Allen this Court talked about cases, I think at one point they said both sides have cited to us numerous state court cases. And we must remember that these cases have been fully adjudicated and that the issue before us is a federal one, not a state one. And that therefore the state court cases are of limited usefulness to us. But isn't the issue probative versus prejudice, which is essentially the same evidentiary issue whether it's state or federal? Well, but the context in which the issue comes up is quite different. Here we have, as the Second Circuit called it, a sort of a test case. How probative, how important was the gang membership in the specific context? And in this case it was really the only objective evidence of, that clearly established the violent nature of the, of the decedent. Whereas in spivey the facts were simply quite different. So I actually don't have too much more to say. The Court of Appeal found that the evidence of the decedent's gang membership was indeed probative. But they simply said that it was unduly prejudicial. Of course, the point that they seem to have lost sight of is the fact that all of the cases that they decided, specifically Williams, when they talk about prejudice, they talk about prejudice to the defendant. And there was no showing, absolutely no showing on the part of the prosecution in this case, that they were in some fashion prejudiced by it, by the decedent's membership in a criminal street gang. So essentially what I'm saying is that there was... How is spivey different on that respect? Pardon me? We've been talking about the spivey. I don't think it made the same error. The, the, if you look at all the cases, and I looked at all of them, Maestas and the other cases cited in spivey as well as... Well, is that an argument that spivey is wrong? Yeah. Can we do anything about that? Why isn't that correct? Because it's distinguishable. It's distinguishable upon its facts. It's not controllable. Well, then it's not wrong. Pardon me? Are you saying it's not wrong, but it's distinguishable? Well, I mean, I think it's wrong, but it's also, the point is that it's distinguishable. It's distinguishable. A distinguishable argument I understand. The argument that all the cases it relied upon were in a posit and so spivey is wrong, that may be to a bigger panel than this... I understand that. So perhaps I'm getting carried away with my own argument. The fact is that it's distinguishable. Okay. Yeah, and that's my argument. And I also urge the Court one final time to consider the case as a whole, and when you look at it, look at Trial 1, look at Trial 2, it seems clear that had the jury been presented with the same evidence in the second trial, it's certainly fair to say that there was a substantial and injurious effect, that the state law errors had a federal effect, that they deprived the appellant of a fair trial. It's essentially a res ipsa loquitur argument. I'm sorry? It's essentially, you're just asking us to conclude that that must be the reason because there were two different results? Honestly, and truly, this is what this Court always does. I mean, it's a judgment call. And I'm certainly fully aware that the needle gets more and more difficult to thread. However, I think if one takes a square look at this case, the conclusion has to be that the trial was unfair, and that is still good Supreme Court law. We don't like unfair trials. And by arbitrarily That's a pretty broad rule, given the way habeas law is these days, to say, well, it seems that the trial was unfair, therefore we're going to reverse. It would be nice if we had that power. Well, I believe, with all respect, Your Honor, you still do. Even in this Nevada v. Jackson case, which my opponent submitted to you, the Court said that it's rare but possible for us to reverse on the basis of state law evidentiary error if the result of that error is to deprive the defendant of a fair trial. So I'm certainly not arguing new law or vast powers that this Court would somehow be usurping. I'm simply saying that something very wrong went wrong on the state level and that its effect had a Federal consequence. Thank you. You've got a minute and a half. Thanks. May it please the Court. Kimberly Donahue, California Deputy Attorney General, on behalf of Respondent Apelli in this matter. The State Court's decision was reasonable. It was in line with established precedent. And as the District Court recognized, it's exactly the kind of evidentiary decision that State Courts make on a regular basis. The District Court's denial of the habeas relief should therefore be affirmed. The AEDPA standard applies in this case. And under that Act, ultimately the question that this Court must answer is, was the State Court's decision reasonable? Holmes v. South Carolina defines reasonableness as a decision that's not arbitrary or disproportionate to the rule or in the purpose that that rule is designed to achieve. The rule in this case is Evidence Code Section 352 under the California Code. That's essentially the state equivalent of the Federal Rule of Evidence 403. It's that balancing test that we've been talking about, probative value versus the prejudice or the cumulative nature of the evidence. What was the prejudice of this evidence, and who did that prejudice inure to? The prejudice in this evidence was essentially the highly inflammatory nature of it. That's the prejudice aspect of it. It would inflame the emotions of the jury, and it would detract from the purpose of the rule, which is to focus the jury on the factual determination that's at hand. And it would inflame them to feel what or think what? It would inflame them essentially to say that this victim deserved to die, that because he's a gang member, he's a bad member of society, and therefore whatever happened to him was justified. That's the prejudice. In addition to the prejudice, as the State Court had held, this evidence was actually cumulative in nature to all of the other evidence that appellant was actually entitled to present with respect to the violent nature of this victim. There was evidence from three separate witnesses, one prosecution witness and two defense witnesses, that talked about the violent nature of this victim. You have the appellant himself who testified about his knowledge of the victim and his violent nature. You have appellant's father who testified about the fight that he got into with the victim earlier that day, as well as his understanding of the victim's reputation for violence. And you even have a prosecution witness, the victim's own nephew, who actually testified that, yes, his uncle likes to fight. He never backs away from a fight. And I believe he said that when he heard that appellant and his father were coming there that day, he was excited because he likes to fight. You have all those general descriptions of the victim's nature for violence. There were also testimony about specific instances. Can it be both cumulative and prejudicial? Cumulative, as I understand it, this means you don't really need it. You've got all the evidence you need. Well, how can it be prejudicial to have more evidence that proves the same thing and you don't need it because it's just repeating what's already been said? You know, I think I probably got ahead of myself at that point. I think in terms of the prejudice versus the probative nature, you've got, you know, a court here that has held or assumed that a gang membership is marginally relevant to whether or not a person is violent. Now, you can still have a prejudicial nature of that, right? A membership in a gang is inflammatory. It's a negative connotation for a particular person. So that's the prejudice. But it does still have that marginal relevance that if admitted, setting aside the prejudicial nature, if admitted, could also be cumulative of other evidence that goes to this person's violence. So in that sense, I think you can have both cumulative as well as prejudicial evidence. The specific instances of the violence that were presented in this case involved testimony from a palan who talked about seeing this particular victim at a friend's house sometime prior. He was playing with a knife. He was kind of crazy. And then also you've got the testimony about the particular fight that happened between appellant's father and the victim earlier in that day. All of this evidence that is central to appellant's defense, which is that he was in fear of the victim because he was a violent person, that's what establishes the violence. And that the gang membership itself is actually tangential to the violence and only marginally relevant. And this court and other courts have held that exclusion of marginally relevant evidence does not amount to a due process violation. Obviously opposing counsel and I have a different viewpoint on this, but I think the Spivey case is extremely applicable here. I think the facts are not distinguishable. Opposing counsel mentioned in his opening argument that it's distinguishable because the defendants in that case hunted down the victim. Well, I would submit that that's similar to what happened here. Appellant came home, saw his father beaten and bloody at the kitchen table. He went back, grabbed his .38 caliber gun, put it in his pocket and he and his father went to go find the victim. I don't think that that's any different than the case in Spivey where one of the defendants was upset at the victim for assaulting a family member in a previous incident and going to find him. The exclusion of the gang evidence as to the self-defense theory in the Spivey case is exactly what the state court did here. And it was a reasonable application of evidence code section 352. I also think it's notable that the prosecution's argument was not that the victim was not a violent person. The argument was essentially that at some point the appellant was not actually responding to an attack. Essentially it wasn't self-defense. There was testimony from the coroner that pointed to physical evidence that established that appellant's version of what happened could not have been accurate in the way that the bullets actually entered the victim's body. So ultimately we'd ask that the court affirm the district court's denial for habeas relief because of the reasonableness of this decision, which is in line with Spivey, which is a reasonable application, not arbitrary, not disproportionate to the purpose of evidence code section 352, and that there was substantial evidence that appellant was entitled to present in support of his self-defense theory. And unless there's any other questions, I'll simply ask that the court affirm. Thank you. I would simply only point out briefly that the California Court of Appeal did assume the relevance of the gang membership, that it did not simply say that it was cumulative. It relied on the prejudice argument. And I still haven't heard why it was prejudicial to the prosecution, nor have I heard a case which says No, I think the theory would be that the guy's a gang member, he deserves to die. We don't want his kind around. Except that the cases all say that the prejudice talked about in 352 is prejudice to the defendant. So I believe you understand my argument. Thank you very much.
judges: Dorsey, Reinhardt, Clifton